Larry Zerner (SBN 155473)
Law Offices of Larry Zerner
1801 Century Park East, Ste. 2400
Los Angeles, CA 90067
(310) 773-3623
Email: Larry@ZernerLaw.com

Attorneys for Plaintiff Zeus Networks, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEUS NETWORKS, LLC<br><br>    Plaintiff,<br><br>    vs.<br><br>YVES GHYSLAIN IRANKUNDA, an individual, and Does 1-10, Inclusive.<br><br>    Defendants | Case No.: 3:25-cv-2633<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL<br>(F.R.C.P. Rule 38) |

Plaintiff Zeus Networks, LLC brings this Complaint against Defendants Yves Ghyslain Irankunda and Does 1-10 and alleges as follows:

# NATURE OF ACTION

1. This is an action for copyright infringement under 17 U.S.C. § 501, resulting from Defendant's posting of unauthorized videos containing large excerpts from episodes of Zeus' television program *Two Ways with Erica Mena* on Defendant's YouTube channel, YouTube.com/Ray.Dinnerisready.

# JURISDICTION

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a).

# VENUE AND DIVISIONAL ASSIGNMENT

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b) because Defendant agreed to submit to the judicial district where YouTube is located, i.e., in San Mateo County. Venue is also proper in this district under 28 U.S.C. § 1391(c)(3) because, on information and belief, Defendant resides in Canada.

4. Assignment to the San Francisco or Oakland Division is appropriate under Civil L.R. 3-2(c)–(d) because Defendant has agreed to submit to venue in San Mateo County.

# PARTIES

5. Zeus Networks, LLC ("Plaintiff" or "Zeus") is a Delaware limited liability company located in North Hollywood, CA. Zeus is a popular television streaming network. One of its programs is titled "Two Ways with Erica Mena."

6. Defendant Yves Ghyslain Irankunda ("Defendant" or "Irankunda") is an individual who resides in British Columbia, Canada. Defendant is the founder and owner of the YouTube channel Ray.Dinnerisready, available online at https://www.youtube.com/@Ray.Dinnerisready. As is relevant herein, the videos available on the Ray.Dinnerisready YouTube channel were recorded and posted by Irankunda, potentially in concert with the Doe Defendants.

7. Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities, and

capacities when Plaintiff ascertains them. The Doe defendants and the known Defendants are referred to hereinafter collectively as "Defendants."

## FACTS COMMON TO CLAIMS OF RELIEF

1. Zeus is a popular streaming network specializing in reality programming. One of its most programs is titled "Two Ways with Erica Mena" ("Two Ways").

2. Two Ways premiered on Zeus on February 2, 2025 and to date 7 episodes have aired on Zeus.

3. Because of the exigence of time, Zeus has obtained expedited copyright registrations for Episodes 1, 2 and 5 of Two Ways. Each of these registrations was obtained within 90 days of its first publication.

   a. Episode 1 – Reg. No. PA 2520190 – Reg. Date: March 13, 2025

   b. Episode 2 – Reg. No. PA 2520195 - Reg. Date: March 13, 2025

   c. Episode 5 – Reg. No. PA 2520192 - Reg. Date: March 13, 2025

4. The Two Ways episodes are original and creative works and are entitled to copyright protection.

5. Defendant runs a YouTube channel titled "Ray.Dinnerisready" in which he posts "reaction videos" to television programs. These reaction videos not only

have Defendant's reaction to the program, but contain a large amount of clips from these programs which are illegally copied and posted by Defendant.

6. In the past six weeks, Defendant has posted at least three videos which infringe upon Two Ways by including a large amount of content from Two Ways without Zeus' consent or permission.

7. Within the past 6 weeks, Defendant has posted three videos on his YouTube channel which infringe upon Zeus' Two Ways copyright.

8. The infringing videos were located at the following URLS:

   a. http://www.youtube.com/watch?v=I_ZlLS5ZXOc

   b. http://www.youtube.com/watch?v=JjZ55MotdZo

   c. http://www.youtube.com/watch?v=EdcTjXbjQpE

   d. http://www.youtube.com/watch?v=C9FosAJswaE

   e. http://www.youtube.com/watch?v=JMie3mv0jv0

9. These videos do not qualify as fair use because the amount of the Two Ways program that is incorporated into Defendant's videos far exceeds the amount necessary for Defendant to comment on the subject matter. Defendant's video incorporate so much of the original program that any viewer would have no further

need to watch the original video on Zeus and thus Defendant's videos act as a substitute for the actual program.

10. Zeus authorized the issuance of takedown notices under the Digital Millenium Copyright Act ("DMCA") demanding that YouTube remove the infringing videos. YouTube responded by removing the videos and giving notice to Defendant.

11. After YouTube removed the infringing Unauthorized Bootlegs, Defendant submitted a counter notification contesting YouTube's removal of the Unauthorized Bootlegs.

12. Following its receipt of Defendant's counter notification, YouTube informed Zeus that it would repost the videos no later than March 24, 2024, unless a lawsuit was filed seeking injunctive relief preventing Defendant's continued infringements. This lawsuit followed.

## FIRST CAUSE OF ACTION

**Copyright Infringement, 17 U.S.C. §§106, 501)**

**(Against All Defendants)**

13. Plaintiff re-allege and incorporate by reference, as though set forth in full, paragraphs 1 through 12 above as though fully set forth herein.

14. Zeus is an author and owner of the Two Ways episodes, which are copyrightable works under the Copyright Act, 17 U.S.C., §§101 et seq.

15. The copyrights to Episodes 1, 2 and 5 of Two Ways have been registered to Zeus with the United States Copyright Office.

16. Defendants infringed Zeus' copyrights in the Two Ways program by copying, reproducing, distributing, and publishing substantial portions of the Two Ways programs in videos that Defendants recorded and posted on the Ray.Dinnerisready YouTube channel, and possibly other platforms, without license, authorization, permission or consent from Zeus, in violation of the Copyright Act, 17 U.S.C., §§106 and 501.

17. Defendants' acts of infringement were willful, intention, and purposeful, and in blatant disregard of Zeus' rights.

18. As a result of Defendants' willful copyright infringement, Zues has suffered damages in an amount to be established at trial.

19. As a direct and proximate result of Defendants' willful infringements, Zeus is entitled to maximum statutory damages of $150,000 for each registered work infringed, or actual damages and Defendants' profits in amounts to be proven at trial, and/or such other amounts as may be proper under 17 U.S.C. § 504(c).

20.     Zeus is entitled to recover its attorney's fees and costs under 17 U.S.C. § 505.

21.     Defendants have objected to the removal of the infringing videos from YouTube, refused to agree not to re-post the infringing videos, and requested that YouTube reinstate the infringing videos on the Ray.Dinnerisready YouTube channel. As a result, Zeus has suffered and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe Zeus' rights in the Two Ways series and in other works belonging to Zeus. Zeus is therefore entitled to injunctive relief to enjoin Defendants' ongoing and future infringement.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.      A temporary, preliminary, and permanent injunction enjoining Defendants, and any and all other persons and entities acting in concert with them, from reproducing or distributing the Two Ways series (as embodied in the infringing videos or otherwise) or any other television series episode authored by Zeus;

2.      An award of maximum statutory damages of $150,000 per registered work as permitted by 17 U.S.C. § 504(c), or, in the alternative, Zeus' actual damages plus Defendants' profits from infringement, in an amount to be proven at

trial as permitted by 17 U.S.C. § 504(b), and such further damages as permitted by applicable law;

    4.    An award of Zeus' costs, including reasonable attorney's fees, as permitted by 17 U.S.C. §§ 505 and/or 1203(b).

    6.    For such other and further relief as the Court deems appropriate.

DATED: March 18, 2025        LAW OFFICES OF LARRY ZERNER

                    By: /s/Larry Zerner
                        Larry Zerner
                        Attorney for Plaintiff Zeus Networks, LLC

### DEMAND FOR TRIAL BY JURY

Plaintiff Zeus Networks, LLC pursuant to Rule 38 of the Federal Rules of Civil Procedure hereby demands trial by jury of all issues so triable in the present action.

DATED: March 18, 2025        LAW OFFICES OF LARRY ZERNER

                    By:  /s/Larry Zerner
                        Larry Zerner
                        Attorney for Plaintiff Zeus Networks, LLC